### COUNTRY CLUB LAND ASS'N v. LOHBAUER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. INJUNCTION—GROUNDS—TRESPASSES ON LAND—NECESSARY SHOWING.

In an action to enjoin trespasses on land, plaintiff must, in order to obtain the relief prayed for, prove a right to the possession of the entire premises as against defendants, and is not entitled to relief where the proof shows that defendant is entitled to possession of at least one-half of the premises as tenant in common with plaintiff.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 77.]

2. SAME—ACTIONS—ISSUES—JUDGMENT.

Where plaintiff sued to enjoin defendants from trespassing upon real estate, of which plaintiff claimed to be the sole owner and entitled to possession, and the answers demanded a dismissal of the complaint and that plaintiff be enjoined from taking possession of the premises, and the action was tried upon the theory that it was an equitable action for injunction and nothing else, a judgment, deciding that defendants were "possessed of the premises in question and the entirety thereof," was unauthorized by the issues.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by the Country Club Land Association against Frederick

Lohbauer and another. From a judgment dismissing the complaint, plaintiff appeals. Modified and affirmed.

Argued before PATTERSON, McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

P. E. Connell, for appellant.

G. S. Espenscheid, for respondents.

PATTERSON, J. There is no substantial difference between the record as presented on this appeal and that which was before us on a former appeal, when we reversed a judgment for the plaintiff. 56 App. Div. 306, 67 N. Y. Supp. 909. The judicial recognition of the claim of the plaintiff to relief, as was there said, depended upon its establishment of title and right to the exclusive possession of the premises described in the complaint. The court at Special Term had decided that the plaintiff was the owner and entitled to the possession of the premises. We held that the proofs did not show that the plaintiff was entitled to the absolute ownership and possession of the locus in quo, and that, there being no evidence of adverse possession by the plaintiff or its predecessors in title which would constitute the basis of a claim to an exclusive right to possession as against the defendant, the plaintiff had not established its claim for relief. The cause went back for a new trial, and on that trial it was submitted for determination on the same record which had been before us, with the single exception of the introduction in evidence by the defendant of a map, which does not affect the decision of the present appeal. On the second trial judgment was awarded for the defendant dismissing the complaint with costs. Another appeal was taken to this court, and the judgment was reversed, because of faultiness in the findings, and it was remitted to the Special Term for further consideration. The case now comes up on appeal from the judgment rendered thereafter, which was in favor of the defendant dismissing the complaint on the merits with costs, and also adjudging that the defendants have established that they are entitled to the entirety of the premises.

There is nothing now before us which requires any change in our decision heretofore made that the complaint should be dismissed, but the record discloses that the judgment is too extensive in its provisions. This court has not adjudicated that the defendant was entitled in fee to the whole of the locus in quo. It sufficiently appears now that the defendant was entitled to one-half of the premises, as tenant in common. Our former decision was based upon the ground that the plaintiff could not maintain the action or have an injunction against the defendant because his right under the pleadings was such as would inhere only in one entitled to absolute ownership and possession. It was held that the plaintiff was bound to prove not only that it has the possession of the property, but that it had the right to that possession as against the defendant, and that it was necessary for the plaintiff to show that it had become the sole owner of the locus in quo in order to maintain an action in ejectment against another party claiming an interest in the premises and a right to their use. We intimated that, upon the evidence as it stood, title to one-half of the premises was in the defendant Lohbauer, as trustee through conveyances. The

whole point of the case, as it comes before us now, is as to such exclusive ownership and right to possession of the plaintiff as would entitle it to maintain an action in ejectment. On the last trial, the learned trial judge found much more than we decided on the first appeal. He found that those under whom the defendant claims were entitled to the possession of the premises and the entirety thereof, and that they had and used and occupied them exclusively for a period of more than 40 years, and that his legal representatives and trustees took possession of, used, and occupied the premises as legal owners up to and until the commencement of this action, and that is embraced in the judgment.

We think the above provision of the judgment should be expunged, and that the judgment should be modified, so as to provide that it is ordered, adjudged, and decreed that the plaintiff has failed to establish an exclusive right to the premises described in the complaint as against the defendants, leaving therein that the complaint should be dismissed.

With this modification, the judgment is affirmed, without costs to either party.

HOUGHTON, J., concurs.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice PATTERSON, that the complaint was properly dismissed. The action was brought to restrain the defendants from trespassing upon the real estate described in the complaint, of which the plaintiff claimed to be the sole owner and entitled to possession. There have been two trials. Upon the first, it was determined that the plaintiff was the sole owner and entitled to possession of the premises and enjoining the defendants from trespassing thereon. On appeal the judgment was reversed, and a new trial ordered (56 App. Div. 306, 67 N. Y. Supp. 909); this court holding that the proof did not establish that the plaintiff was the sole owner or entitled to the possession as against the defendants. On the second trial the same evidence was introduced as upon the first, with the exception of an additional map. The defendants then had a judgment dismissing the complaint, but on appeal this was reversed, because the learned trial justice sitting at Special Term who rendered the judgment had inadvertently neglected to make a decision, and the action was sent back to him for that purpose. He made a decision, upon which a judgment was entered which dismissed the complaint and in addition thereto adjudged that the defendants were the sole owners of the land in question, and from this judgment the plaintiff appeals.

The action was in equity, in which the plaintiff sought to procure a judgment enjoining defendants from trespassing upon the land. The answers demanded that the complaint be dismissed and that plaintiff be enjoined from taking or holding possession of the premises and for damages and costs. The action was tried upon the theory that it was an equitable action to procure an injunction and nothing else. The plaintiff, of course, could only become entitled to the injunction by proving that it had the right to possession to the entire premises as against the defendants, which here involved the proof of title.

Plaintiff having failed to establish that it was the owner of the whole title, the complaint was properly dismissed.

Indeed, it might well have been dismissed upon another ground, viz., that it had an adequate remedy at law to recover its damages, if any, for the trespass. The usual action, where one claims that his land has been trespassed upon, is an action at law to recover the damage, and an action in equity cannot be maintained unless some necessity is shown for granting equitable relief. This was not here shown. The plaintiff not only failed to prove that it had the entire title to the land in question, but I think the proof satisfactorily established that the defendants had title to at least one-half of it, and that the plaintiff had not been in exclusive possession a sufficient time to destroy that title.

I think, upon the proof, the learned trial justice should simply have dismissed the complaint, which would permit the plaintiff to try the question as to the title to the land, either by ejectment or by action to recover damages for a trespass, and that the judgment adjudging the defendants are "possessed of the premises in question and the entirety thereof" is not sustained by the evidence, and is unauthorized under the pleadings and issues tried.

The judgment, therefore, should be modified as thus indicated, and, as so modified, affirmed, without costs to either party on the appeal.

LAUGHLIN, J., concurs.

INGRAHAM, J. For the reasons stated in my dissenting opinion upon the first appeal (56 App. Div. 313, 67 N. Y. Supp. 909), I think the plaintiff was entitled to recover, and that the judgment should therefore be reversed.